

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

O-6745

*[handwritten: In so far as it conflicts]*

Opinion No. O-5210
Re: Nature and extent of privilege accorded franchise tax reports by Article 7089, V.A.C.S., and Article 141e, V.A.P.C.

     Your recent letter relative to the nature and extent of the privilege accorded franchise tax reports by Article 7089, V.A.C.S., and Article 141e, V.A.P.C., poses a series of inquiries which we shall state and answer separately.

     You first inquire:

     "Are the provisions of Article 7089 of the Revised Civil Statutes . . . to be restricted by, and construed in the light of, the provisions of Article 141e of the Penal Code?"

     Although these two Articles were enacted at the same time and as part of the same Act (Acts 1931, 42nd Leg., p. 441, ch. 265, sec. 2-3), their language clearly reveals their difference in scope and makes plain the fact that Article 141e is less comprehensive than is Article 7089. The former Article provides:

     "If the Secretary of State or any other State officer or employee, or any other person, having access to any franchise tax report filed as provided by law, including any shareholder who is permitted to examine the report of any corporation as provided in Section 2 hereof, shall make known in any manner whatever not provided by law <u>the amount or source of income, profits, losses, expenditures, or any particulars thereof, or any other information pertaining to the financial condition of the</u>

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Sidney Latham, page 2

corporation set forth or disclosed in such report, he shall be punished by a fine not exceeding One Thousand Dollars ($1,000.00) or confinement in jail for not exceeding one year, or both." (Emphasis added)

The relevant portion of Article 7089 reads:

". . . Said report shall be deemed to be privileged and not for the inspection of the general public, but a bona fide stockholder owning one per cent (1%) or more of the outstanding stock of any corporation, may examine such returns upon presentation of evidence of such ownership to the Secretary of State. No other examination, disclosure, or use, shall be permitted of said reports except in the course of some judicial proceedings in which the State is a party or in a suit by the State to cancel the permit or forfeit the charter of such corporation or to collect penalties for a violation of the laws of this State, or for information of any officer, of this State charged with the enforcement of its laws, including the Comptroller of Public Accounts, State Auditor and the State Tax Commissioner. . . ." (Emphasis added)

Thus while Article 141e makes unlawful only the disclosure of certain information pertaining to the financial condition of the reporting corporation, Article 7089 specifically forbids any "examination, disclosure or use" of franchise tax reports by unauthorized persons. Since some of the information required by Article 7089 to be included in such reports is unrelated to the financial condition of the corporation and since under Article 7089a the Secretary of State may require the inclusion in the reports of additional information, both financial and non-financial, the respective fields of Articles 7089 and 141e are easily discerned. Unauthorized examinations, disclosures and uses of the reports and of any information contained therein, regardless of whether or not such information is related to the financial condition of the corporation, are forbidden by Article 7089; unauthorized disclosures of financial information alone are made unlawful by Article 141e. The fact that the violation of Article 141e is expressly made a misdemeanor while no penalty is attached to a violation of

Article 7089 in no way over-rides the language of either of these Articles, nor does it compel either the conclusion that they are coextensive or that the latter is restricted by the former. Absence of a specific penalty may create immunity for the doing of an act prohibited by statute, but it cannot create authority. Consequently, your first question is answered in the negative and you are respectfully advised that Article 7089 and Article 141e are to be construed independently and that the acts prohibited therein differ to the extent above set forth.

Your second question reads:

"Would the disclosure of the names only of corporations filing franchise tax reports to persons not given access to such reports by the Statute be a violation of the provisions of either Article 7089 or 141e?"

The name of the reporting corporation is, of course, a part of the information to be found in the franchise tax reports, and the names of corporations which have filed such reports can only be obtained by "using" the reports and by "disclosing" a part of the information contained therein. Innocent and unproductive of evil though such a use and disclosure might seem, nevertheless we feel that such conduct is comprehended by Article 7089. Consequently, with reference to Article 7089, your second question is answered in the affirmative.

Next you inquire:

"Would the disclosure of the names of corporations that have filed such reports, together with a statement of whether or not all franchise taxes due had been paid by such corporations be a violation of the terms of either Article 7089 or 141e?"

The filing of franchise tax reports and the paying of franchise taxes are separate and distinct acts which need not coincide. Although Article 7089 requires the filing of franchise tax reports between January 1st and March 15th of each year, under the terms of Article 7084 the tax itself need not be paid until May 1st. Where the tax is paid subsequent

to the filing of the report, obviously it is impossible for the report to reflect whether or not the taxes have been paid. Moreover, with the form of report currently employed by your office, even where the tax is paid at the time the report is made, no evidence of such payment appears on the report. Although space is provided in such report for the corporation to compute its tax and to reveal the amount of the tax according to its computations, nowhere on such report can it be ascertained whether payment has accompanied the report, what amount, if any, has been paid, or even whether the amount of the tax as computed by the corporation is the true amount of the tax due.

It will be noticed that Articles 7089 and 141e confer a privilege only upon the report and upon the information contained therein. The fact that taxes have or have not been paid can be determined neither by an "examination," a "disclosure" nor a "use" of such reports. Consequently, we are of the opinion that a revelation of such fact is in no way a violation of either of the Articles in question. Notice, however, that we are speaking only of a revelation of whether or not the taxes have been paid. Nothing said herein is to be construed as authorizing a disclosure of the amount of the taxes paid, if such taxes have been wholly paid, the amounts of taxes paid and due, if such taxes have been partially paid, or the amounts of taxes due or delinquent, if such taxes have not been paid.

It is apparent that any disclosure of the fact that taxes have or have not been paid by a given corporation necessarily will, in one sense, involve a disclosure of the name of such corporation. We feel that this latter disclosure also is authorized and that our position in this respect in no way conflicts with our answer to your second question. Names of corporations _filing reports_ cannot be disclosed because such names can be ascertained only by a prohibited use and disclosure of the report and the information therein; however, the names of corporations _paying_ franchise taxes can be determined without reference either to the report or to such information. Nor, we feel, does the fact that the two groups of names normally will be identical (though not always, since a corporation may file a report without paying the tax and, improbably but conceivably, could pay the tax without filing a report) militate against this conclusion. We see no reason why the fact that information obtained from a non-privileged source happens to coincide with that which could be obtained from a privileged source should preclude recourse to and employment of the former.

Honorable Sidney Latham, page 5

Since your question is couched in terms of disclosing the names of corporations which have <u>filed</u> the report and of revealing whether such corporations have paid their taxes, we must answer your question in the affirmative. However, we are of the opinion that you may divulge the names of those corporations which have paid their franchise taxes and may, with respect to a given corporation, disclose whether or not it has paid such tax.

Your fourth question inquires:

"Would a disclosure of the names of officers and directors of any corporation as shown on such report be a violation of the terms of either of such articles?"

Article 7089 requires, inter alia, that "each report shall be sworn to by either the president, vice president, secretary, treasurer or general manager, and shall give the name and address of each officer and director." Since the names of officers and directors are expressly made a part of the information to be contained in franchise tax reports, we feel that such information may not be obtained from the reports and divulged to unauthorized persons. Consequently, with reference to Article 7089, this question is answered in the affirmative, and you are respectfully advised that such information may not be disclosed.

Lastly you ask:

"What officers are included within the meaning of the words 'any officer of this State charged with the enforcement of its laws' as used in Article 7089?"

Our Constitution and statutes are replete with references to "state officers," "officers of the state," "officers of the state government," "officer of this state" and similar expressions. Likewise, most of these expressions have received both statutory and judicial definitions. See 34 Tex. Jur. p. 321, et seq. However, all of these definitions have been enunciated either expressly or impliedly with reference to the context in which such expressions have been employed. Thus, for example, our one statutory definition of the phrase "officer of this state," contained in Article 369 of the Penal

Honorable Sidney Latham, page 6


Code, is expressly limited to the use of that expression in the context of the Article immediately preceding. As is said in 34 Tex. Jur. pp. 334-335:

> "In a popular sense a state officer is one whose jurisdiction, duties and functions are co-extensive with the State; but in a larger sense he is one who receives his authority under state laws and performs some of the governmental functions of the State. In this sense officers may be state officers though their jurisdiction or powers are confined to the limits of the county or even to one of its political subdivisions. The term is generally used in the Constitution and statutes in its popular sense as including only those officers whose duties and functions are coextensive with the boundaries of the State, or such general officers as immediately belong to one of the three constituent branches of the state government. But it may refer to the character of the office rather than to its territorial extent or whether the office is one for which the whole state votes or merely some subdivision thereof, such as a district or county."

Illustrative of the broad use of such term are the cases of Jernigan v. Finley, 90 Tex. 205, 38 S. W. 24, and Connor v. Zackry, 115 S. W. 867, 117 S. W. 177, both of which hold that as to the school fund a county officer is an "officer of the state," and Ex parte Tracey, 93 S. W. 538 (Cr. App.), holding that a chief of police and a policeman are "state officers" or "quasi state officers."

We feel that this phrase was employed in Article 7089 in the broad sense mentioned in the above quotation. It will be noticed that this Article refers to officers of the state "charged with the enforcement of its laws." Since officers so charged are confined neither to those whose powers are coextensive with the boundaries of the state nor to those who belong to one of the three branches of state government or who are elected by the entire state, this added clause is indicative of the broad sense in which the phrase "officers of this state" was used. Moreover, under Article 7089, franchise tax reports may be examined, disclosed or used "in the

course of some judicial proceedings in which the State is a party or in a suit by the State to cancel the permit or forfeit the charter of such corporation or to collect penalties for a violation of the laws of this State." Since some of these enumerated suits may be instituted and prosecuted by county or district officers, and indeed, in some instances must be brought by these officials, a restriction of the phrase "officers of this state" to officers of the state government cannot find practical justification. Consequently, we are of the opinion that any officer, be his selection and authority state-wide or confined to a district, county, municipality, or other political or geographical subdivision of this State may be included within this portion of Article 7089 provided he is charged with the enforcement of any of the laws of this State. We employ the word "may" advisedly in the preceding sentence because we feel that the mere fact that one is an officer of this State charged with the enforcement of its laws does not confer a carte blanche authority upon him with respect to the examination of franchise tax reports. Rather, we feel, his privilege to make such an examination is limited by the requirement that the purpose of such examination be reasonably related to the enforcement of the statute or statutes within his charge. A demonstration of such relationship is, we feel, a necessary prerequisite to an examination of franchise tax reports by such an official. We fully realize the generality of these statements, but we feel that the task of making a complete and detailed list of such officers and of compiling an all inclusive enumeration of the various laws with whose enforcement they must be charged is both futile and impossible. We shall, of course, be pleased at any time to give you our opinion as to whether any specific officer, or group of officers, is, with respect to any given law, included within this portion of Article 7089.

Trusting that the foregoing fully answers your inquiries, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R . Dean Moorhead
Assistant

RDM:db

APPROVED MAY 19, 1943

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN